[No. 199.  Decided June 15, 1891.]

## MARY JANSON v. ANDREW GUSTAVE PETERSON AND CHRISTINA L. PETERSON.

### SPECIFIC PERFORMANCE — CONTRACT TO CONVEY.

In an action for specific performance, where the evidence shows that plaintiff entered into possession of land and improved same under a contract for its purchase from defendant for the price of $350, one-third to be paid at the time the deed passed, and the balance in a reasonable time; and that plaintiff made payments amounting to the sum of $80, and subsequently tendered the balance of $350, with interest, and demanded a deed, which defendant refused on the ground that "he did not pay it when he agreed to a year before," a decree in favor of plaintiff should be sustained.

*Appeal from Superior Court, King County.*

Action for specific performance of an oral agreement for the sale of land by Andrew Gustave Peterson and Christina L. Peterson against Mary Janson, the contract price being alleged in the complaint as the sum of $350. The court found that the price was fixed at $350, contingent upon appellees' helping appellant through her sickness, and that appellees did so help her; that no specific time was fixed for the payment of the purchase price except that one-third should be paid down as soon as the defendant could give a deed, and for the balance a reasonable time should be given; that immediately after making the agreement,

appellees brought lumber upon the lot and improved it by erecting a house into which they immediately moved, and in the spring of 1890 added to said improvements, at a cost to appellees of about $400; that appellant resided within twenty or thirty rods of said land, and could and did see the improvements erected thereon from day to day and made no objection thereto; that appellees paid and appellant received on account of said purchase price, ten dollars, in May, 1889; twenty dollars in June, 1889; and fifty dollars in February, 1890; that in February, 1890, prior to the bringing of this suit, appellees tendered appellant $310 and demanded a conveyance of the land; that appellees demanded from appellant a number of times a bond for a deed or some other security or writing as evidence of appellant's contract to convey, and appellant in response to such requests, agreed to give such bond or writing as soon as she was able to get out, she being then sick, but no bond or writing was ever given; that said demands for a bond and promise to give same occurred after the making of the agreement to convey, and when appellees were in possession of the property. Judgment for plaintiffs and defendant appeals, alleging as error that the evidence does not support the findings of the court, nor the allegations of appellees' complaint.

*Thompson, Edsen & Humphries,* for appellant.

*Greene & Turner,* for appellees.

The opinion of the court was delivered by

DUNBAR, J. — We have looked into this case, and find no error substantially affecting the rights of appellant. One of the findings of the court was that the purchase price agreed upon in said oral agreement was to be the sum of $350 if the plaintiff, Christina L. Peterson, should care for and nurse defendant during a certain sickness; but, if said

plaintiff, Christina L. Peterson, should not so care for and nurse said defendant, then the purchase price was to be the sum of $400. We think the court, from all the testimony, should have found that the agreed price of the lot was $350, one-third to be paid at the time the deed passed, and the balance in a reasonable time. However, we are satisfied from the testimony of appellant, especially as shown on page 42 of the record, that it was not the difference between $350 and $400 that caused her to refuse the tender, but because she had concluded not to deed appellee the land at all, for the reason alleged by her that "he did not pay it when he agreed to a year before." There is no dispute about the fact that under the contract the appellees went into immediate possession; that they commenced building a house immediately, and that they moved into the house; and that they have lived there ever since; and that appellant knew this, and never raised any objection to it. We cannot agree with the appellant that the proof shows that the improvements did not exceed $150. The appellant testified that the improvements could not be sold for more than $150; but the appellees, who put the improvements there, testified that the first improvements made were a house worth $300, and other improvements of the value of $100. The house was a basement and three rooms, in which appellees and their four children lived until about the commencement of this action, when some further additions were made. We think the whole testimony fairly justifies the conclusion that the $10 and $20 payments were intended by the appellees as payments on the lot, and were received as such by appellant, and that the order given Wood on appellee Peterson by Mrs. Janson of $50 was intended by appellant to be placed to the Petersons' credit on the lot transaction, and was so understood by Peterson when he honored and paid the order. While there is undoubtedly conflict of testimony on nearly all the

questions of fact raised by the pleading, in the judgment of this court the material allegations of the complaint are sustained by the testimony. The judgment will be affirmed.

ANDERS, C. J., and SCOTT, STILES, and HOYT, JJ., concur.